UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RYAN C. STILES,<br><br>Plaintiff,<br><br>v.<br><br>BRADY THOMAS, et al.,<br><br>Defendants. | CAUSE NO. 1:26-CV-95-JTM-AZ |

OPINION AND ORDER

Ryan C. Stiles, a prisoner without a lawyer, filed an amended complaint. (DE # 4.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stiles alleges that a fire took place at the DeKalb County Jail on November 19, 2025. Stiles' cell became smoky, but he remained there for several hours because the backup generator failed, cell doors could not be unlocked electronically, and Zack Shifflett could not locate the key to manually unlock the doors. Once the key was located and the doors were unlocked, Stiles was transported to another county jail on a bus. At that facility, he was housed together with inmates of different security

classifications. When he returned to the DeKalb County Jail, an officer handled him roughly, causing neck pain. He is suing Sheriff Brady Thomas, Assistant Jail Commander Zack Shifflett, and Jail Commander J. Carpenter because they were in charge and because they allegedly failed to train their staff adequately.

"A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Because Stiles has not described how Sheriff Brady Thomas or Jail Commander J. Carpenter were personally involved in the events that occurred on November 19, 2025, he has not stated a claim against them.

Stiles' allegations against Assistant Jail Commander Zack Shifflett are that he could not find the key to manually unlock the cell doors. The Eighth Amendment[1] prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong

---

[1] The Eighth Amendment applies because Stiles' complaint indicates he was convicted and serving a sentence at the time the fire occurred. (DE # 4 at 5.)

asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

The facts alleged in Stiles' amended complaint do not suggest that Assistant Jail Commander Zack Shifflett acted with deliberate indifference toward Stiles' safety. Shifflett's inability to quickly locate keys to manually unlock cell doors suggests negligence at most, not deliberate indifference. Allegations of negligence generally do not state a claim upon which relief can be granted in a § 1983 action. *McNeil v. Lane*, 16

F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Stiles also argues that the defendants should be held liable for failure to train their staff. "An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations," but Stiles' amended complaint does not allege a pattern of constitutional violations. Therefore, he may not proceed against any defendant on a failure to train claim.

The amended complaint does not state a claim for which relief can be granted. If Stiles believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Ryan C. Stiles until **September 16, 2026**, to file an amended complaint; and

(2) CAUTIONS Ryan C. Stiles that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: August 17, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT